[No. 631. Decided January 4, 1892.]

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT FREIDRICH, *Appellant*.

COSTS ON APPEAL—BRIEFS—PRINTED ARGUMENT.

The supreme court is not bound, in taxing costs on an appeal, to allow the amount actually paid for printing briefs, where such amount appears unreasonable.

Where counsel has an opportunity to orally argue his cause in the supreme court in the usual manner, the expense of printing his argument cannot be allowed as costs in the case.

*Appeal from Superior Court King County.*

Motion for retaxation of costs in the supreme court.

*James Hamilton Lewis,* for appellant.

The opinion of the court was delivered by

DUNBAR, J.—This is a motion by appellant for a retaxation of costs. The motion is as follows:

"Comes now the defendant, and moves the honorable court to retax the costs herein, in this, to wit: That the original brief filed herein, the costs being $86.50, and also the printed argument and supplementary brief of defendant, being $154.75, amounting in all to the sum of $241.25, be taxed as costs, the same being in fact and in truth the amount charged as costs for the printing of the original brief and the printed argument and supplementary brief

of the appellant, the said appellant being the defendant in the cause of the Territory of Washington v. Albert Freidrich, charged with murder."

Attached to this motion is the consent of the prosecuting attorney of King county to the retaxation as asked for in the motion, but the allowance of this motion would be so manifestly wrong, and would establish a precedent so at variance with the spirit of the law regulating costs, that notwithstanding such consent we are compelled to deny it. The charge of $86.50 for appellant's original brief of thirty-two pages, we have no hesitancy in saying, is unreasonable. That appellant actually paid that amount for the printing of said brief does not affect the case, without it further appears that it was a reasonable amount to pay for such work. The records of this court show that the clerk has taxed as costs for appellant's brief $32, being one dollar per page, which seems to be the usual price for such work, and which is the rate charged at the state printing office in this state. And in this connection we feel it our duty to say a word concerning the extravagant and wasteful character of briefs in general, and of appellant's brief in particular. The same economy should be exercised in the preparation of briefs that the opposite party is compelled to pay for, as in incurring any other costs, to the end that the unsuccessful litigants shall not be required to pay for their successful opponent's unnecessary and wasteful expenditures. The law grants to the prevailing party costs which he has actually and necessarily expended, but it goes no further than that. In this particular instance, there is scarcely a single full page of printed matter in the brief; many pages are not more than half used, while others are found with only from four to ten lines on a page, and one page in the center of the brief, with the exception of two lines at the top, is perfectly innocent of printer's ink. Making due allowance for all necessary breaks and paragraphs and all change of subjects, it is safe

to say that at the farthest the appellant's brief should not have occupied more than two-thirds of the number of pages that it does now, and would not have occupied more than that space if the appellant had exercised the same prudence and economy in making this contract that he would have exercised in the transaction of his own private business.

The item of $154.75, mentioned in the motion, was for the printing of the written argument of appellant's counsel. The counsel had an opportunity to present his views to the court in the usual manner, namely, by oral argument; for his own convenience he asked for and received permission to reduce his argument to writing, and present it in that form to the court, and it cannot in any sense be considered costs in the case.

The motion is denied.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.