[Civ. No. 22932.   Second Dist., Div. Three.   Sept. 5, 1958.]

JOHN G. OPPENHEIMER, Appellant, v. P. D. ROBINSON et al., Defendants; SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

*Assigned by Chairman of Judicial Council.

John G. Oppenheimer, in pro. per., for Appellant.

E. D. Yeomans, Walt A. Steiger and W. A. Gregory for Respondent.

SHINN, P. J.—Upon a former appeal by Oppenheimer respondent Southern Pacific Company filed a printed brief which, exclusive of covers and index, comprised 14 pages. Having prevailed on the appeal the company filed a cost bill claiming $100.67 as the cost of the brief. Oppenheimer, by motion to tax costs, objected to the charge as excessive. The motion was denied and he appeals.

The appeal does not present a question of law. Rule 26(c) Rules on Appeal allows as reasonable costs "the reasonable cost of printing or reproduction of briefs by other process of duplication." Prior to amendment of the rule as of January 1, 1951, the amount chargeable for briefs was limited to $100 to any one party. Since then the only limitation has been that the amount claimed must be reasonable.

By denying the motion the court determined from the evidence before it that the charge was not unreasonable. That was a factual decision which is binding upon this court unless the evidence compelled a contrary conclusion. Neither the trial court nor this court has judicial knowledge of what would have been a reasonable charge in Los Angeles County for printing the brief in question.

The trial court's ruling has support in the evidence. The motion was heard upon the affidavit of Oppenheimer and an affidavit of Robert M. Parker, Jr., vice-president of Parker and Son, Inc., the printers. It was averred by Oppenheimer that the brief could have been printed for $2.65 or less per page, and for a total of about $50. In Parker's affidavit it was averred: "The firm of Parker & Son, Inc. has been in the business of printing briefs for over 58 years. This firm keeps a very accurate record of costs and production and the price as charged for our services is just and reasonable under the present day wage scale labor market, and is calculated on the same basis as charges made to other customers of Parker & Son, Inc."

The fact, alone, that some printers charge less than others does not necessarily prove that the higher charges are unreasonable. There are other factors to be considered. Not every printer is qualified to print briefs as they should be printed. It requires familiarity with the rules respecting the

setup and arrangement of material; the workmen should have familiarity with legal terms and usages and be able to detect obvious errors in manuscripts; the accuracy of the work is an important factor, as well as the ability to get the work done in a limited time. Excellence of workmanship and a reputation for reliability command a price. The evidence that the brief could have been printed for less money did not establish that Parker and Son's charges are unreasonably high. The fact that the firm has been printing briefs for 58 years would tend to prove the contrary. A concern does not carry on an active and successful business for that length of time if its charges are consistently in excess of the value of its services. We are in full agreement with the conclusion of the trial court.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.