A. T. KLEMENS AND SON, a Corporation, Plaintiff and Respondent, v. REBER PLUMBING AND HEATING COMPANY, a Corporation, Defendant and Appellant.

No. 10311.

Submitted September 21, 1961. Decided October 18, 1961.

365 P.2d 525.

Ralph J. Anderson (argued orally), Stanley P. Sorenson, Helena, for appellant.

Howard C. Burton (argued orally), Great Falls, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of the district court denying a motion to retax costs. The motion to retax costs was directed to an item for costs for printing respondent's brief in A. T. Klemens & Son v. Reber Plumbing and Heating Co., 139 Mont. 115, 360 P.2d 1005. In the opinion in that cause, we modified the judgment slightly and directed costs to be borne by appellant.

The cost bill listed an item of $783.26 for printing respondent's brief. The district court held a hearing on the motion to retax costs. On that hearing evidence was adduced as follows: Respondent's brief consisted of 111 pages. The Electric

City Printing Company of Great Falls charged and was paid at the rate of $6.95 per page, less a slight cash discount. Appellant contended that the charge of $6.95 per page is unreasonable. Appellant presented evidence that the charge in Billings, Montana, is $4 per page and that that price, $4, should be the maximum; also that the cost of printing varies from town to town.

The evidence in rebuttal presented to the district court after appellant's counsel made his showing of $2.95 per page as the price charged by one printing firm in Helena was by two witnesses for the respondent. One witness was the manager of Electric City Printing Company. He testified that the price of $6.95 per page was the price charged for about the past year and one-half; that they didn't make any money at it; that the last raise in charges was from $5.25 or $5.50; that costs have doubled in some areas and the price was justified. The second witness was the superintendent of the Tribune Printing job shop of Great Falls, Montana. He testified that the rate charged is $6.95 per page; that his firm and the Electric City Printing Company are the only establishments in Great Falls that print briefs.

It appears then that prices for brief printing in Great Falls are more than double the prices charged by one print shop in Helena. We are asked to review the district court's determination that the price of $6.95 was reasonable.

R.C.M.1947, section 93-8618, defines Costs and Disbursements and as to briefs states: "* * * the reasonable expenses of printing papers for a hearing when required by a rule of court; * * *".

Our court rules, Rule X, requires printed briefs and has no limit on number of pages or prices.

Section 93-8606, R.C.M.1947, provides that costs on appeal are in the discretion of the court when a judgment is modified. Then, our problem is whether the going rate charged by the only printing establishments in Great Falls, even though more

than double other available printing prices within the state, is unreasonable under the statute.

There is no contention that the 111 page brief was wasteful or unnecessarily long. The only contention is as to price. That cost of printing briefs is proper was decided long ago in Ryan v. Maxey, 17 Mont. 164, 42 P. 760.

Appellant relies on a statement from 20 C.J.S. Costs § 360e, referring to the case of State v. Freidrich, 3 Wash. 418, 28 P. 747, to the effect that only so much of an amount disbursed for briefs as is reasonable can be recovered.

In State v. Freidrich, supra, a Washington case in the year 1892, the Washington court had "no hesitancy in saying it unreasonable" a charge of $86.50 for thirty-two pages when the state printing office provided service at $1 per page. The court further observed that the brief in question was "extravagant" and "wasteful", many pages not more than 'half-used", and one page in the center of the brief "perfectly innocent of printer's ink".

That case hardly stands for any proposition involved in the instant case.

During argument, appellant's counsel cited Nolte v. Nolte, 247 Iowa 868, 76 N.W.2d 881, 890, 56 A.L.R.2d 854, 864. In that case the Iowa court observed:

"* * * It is the policy of this court to hold costs of appeals to the minimum amount consistent with a proper presentation. Satisfactory printing can be had for much less than the amount charged above. * * *" ($312.50 for 85 pages.)

Nothing further as to the reasonableness or unreasonableness of the cost appears.

In California in 1958 in Oppenheimer v. Robinson, 163 Cal. App.2d 367, 329 P.2d 318, 319, the court was considering costs of a brief of fourteen pages of $100.67 whereas it was contended that it could have been printed for $2.65 per page or less. The court observed:

"By denying the motion the court determined from the evidence before it that the charge was not unreasonable. That was a factual decision which is binding upon this court unless the evidence compelled a contrary conclusion. Neither the trial court nor this court has judicial knowledge of what would have been a reasonable charge in Los Angeles County for printing the brief in question.

"The trial court's ruling has support in the evidence. * * *

"The fact, alone, that some printers charge less than others does not necessarily prove that the higher charges are unreasonable. * * *" See also Eistrat v. Brush Industrial Lumber Co., 156 Cal.App.2d 460, 319 P.2d 466.

This court has looked to the evidence presented as to reasonableness of costs, just as the California court does, to determine whether there was an abuse of discretion. See Perkins v. Stephens, 131 Mont. 138, 145, 308 P.2d 620. Under the evidence presented to the trial court, where the only print shops in Great Falls charge $6.95; and where their representatives testify that it is reasonable, we cannot say that the trial court abused its discretion in denying the motion to retax the cost. Great Falls attorneys are not unreasonable in having their briefs printed in Great Falls and we cannot say that the price is unreasonable even though we are surprised at it. As respondent observed in his brief, the residents of Nome, Alaska, can buy beefsteak cheaper in Helena, Montana, but it would be neither practical nor politic to do so.

We therefore affirm the order. We are not unmindful of the necessity of keeping costs on appeal to a minimum and are now considering a revision of Rule X.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.