[Civ. No. 62836. Second Dist., Div. Three. Oct. 27, 1982.]

BANK OF IDAHO, Plaintiff and Appellant, v.
PINE AVENUE ASSOCIATES et al., Defendants and Respondents.

[Civ. No. 63361. Second Dist., Div. Three. Oct. 27, 1982.]

BANK OF IDAHO, Plaintiff and Respondent, v.
PINE AVENUE ASSOCIATES et al., Defendants and Appellants.

COUNSEL

Bennett & Fields and Howard M. Fields for Plaintiff and Appellant and Plaintiff and Respondent.

Cox, Castle & Nicholson and George D. Calkins for Defendants and Respondents and Defendants and Appellants.

OPINION

**POTTER, Acting P. J.**—Both of the above appeals are from portions of an order of the superior court with respect to costs on a prior appeal in plaintiff's action seeking a declaration of the parties' rights, rescission, and restitution with respect to a complex real estate transaction wherein plaintiff was seller and lender, and defendants were buyer and borrower. The former appeal was from a judgment dismissing the action after a demurrer to the third amended complaint was sustained without leave to amend. The result of the former appeal was that the judgment was reversed and the cause remanded with directions to vacate the order sustaining the demurrer and dismissing the action. Our opinion therein did not discuss costs nor attorney's fees as an item thereof. The remittitur simply provided: "Appellant to recover costs on appeal."

Upon remand, plaintiff timely filed a memorandum of costs on appeal, including items numbered as follows:

"1. Filing Fees ..................................................... $ 50.00
"2. Preparation of record on appeal ............................. 857.00
"3. Printing of briefs (including costs
 of transmission and service) .................................. 1,803.08
"4. . . . . . . . . . . . . . . . . . . . . .
"5. Attorneys fees as costs pursuant to Civil
 Code §1717 for work performed from filing
 of Third Amended Complaint on July 10,
 1978 to October 16, 1980 ................................... 60,889.01
 ─────────
 "Total $63,599.09"

Defendants moved to strike the entire memorandum of costs or, in the alternative, to strike item 5. Defendants also moved to tax each item of costs as inappropriate and excessive.

In support of their motion to strike item 5 in its entirety, defendants cited the language of the contract for sale of real estate sued upon and of a note given as consideration. The contract provided that "the prevailing party" in any litigation to enforce it was entitled to recover reasonable attorney's fees. The note obligated the maker to pay "reasonable attorneys fees" in the event suit was "instituted for its collection."

Defendants further showed that the complaint contained a fourth cause of action, seeking an award of attorney's fees as damages. Plaintiff conceded that it "does allege in paragraph 6 of the Fourth Cause of Action of the Third Amended Complaint, that by virtue of defendant's breach of contract, plaintiff has been damaged in the amount of unpaid principal plus interest, plus attorneys fees." and "[i]n addition, plaintiff prays for attorneys fees and costs of suit."

In support of the motion to tax item 5 as excessive, defendants pointed out that the item as claimed showed that it covered services not related to the appeal by including charges for a period commencing July 10, 1978, whereas the appeal was not filed until April 16, 1979.

The showing with respect to item 1 ($50 filing fee) consisted simply of stating the assumption that it must be for the original filing fee in the superior court. In its opposition, plaintiff corrected this misapprehension by pointing out that this was the $50 filing fee payable upon filing the notice of appeal.

With respect to item 2 (preparation of record on appeal), defendants simply noted plaintiff's failure to "demonstrate that the purported cost of record on appeal in the amount of $857.00 is reasonable." In opposition, plaintiff pointed out that the amount claimed as the cost of the record on appeal was the amount that the clerk demanded for preparation of the record which was made voluminous by virtue of defendants' demand that the entire court file be included.

With respect to item 3 (printing of appellant's brief), defendants objected to plaintiff's utilization of the printing services of Parker & Sons, Inc., law printers, rather than some cheaper process. In its opposition, plaintiff showed by declaration that the amount claimed was the amount actually paid to Parker & Sons and pointed out that defendants' appellate brief was likewise printed by Parker & Sons.

The trial court finally disposed of defendants' motion by an order of January 9, 1981. Defendants' motion to strike the entire memorandum of costs was denied "for reasons Items Nos. 1, 2 and 3 are proper costs on appeal and permissible." Defendants' motion to strike item 5 (attorney's fees) was granted for reasons stated as follows:

"a) There is no final judgment at this time.

"b) Attorney's fees may be requested in their entirety at a later time because contractual provisions exist and request is made therefor in complaint."

The motion to tax each item of costs as inappropriate and excessive was denied "except as to item 5 thereof, which is placed off calendar because of ruling striking item 5 herein."

Plaintiff filed its timely notice of appeal from that portion of the order which strikes item 5. Thereafter, defendants filed their timely notice of appeal from that portion of the order "denying the defendants' motion to tax items 1, 2, and 3. . . ."

In view of the fact that the issues presented by the two appeals, though arising out of the same order, are distinct, we will address them in separate portions of this opinion.

PLAINTIFF'S APPEAL (NO. 62836)

*Contentions*

Plaintiff contends that the trial court erred in striking Item 5 (attorney's fees) from its memorandum of costs on appeal because: (1) the appellate decision awarding costs is a "final judgment" in plaintiff's favor, making it the "prevailing party" entitled to its fees as an item of costs pursuant to Civil Code section 1717 in effect at the time of the trial court's ruling;[1] (2) public policy considerations require the award of plaintiff's attorney's fees as costs; and (3)

---

[1]Civil Code section 1717, until its amendment, effective January 1, 1982, read: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, *the prevailing party*, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section *'prevailing party' means the party in whose favor final judgment is rendered.*" (Italics added.)

the amendment to Civil Code section 1717, effective January 1, 1982,[2] mandates that plaintiff be awarded attorney's fees as prevailing party on the prior appeal.

Defendants contend that the trial court's order should be affirmed because: (1) plaintiff is not a prevailing party since the appellate decision was not a "final judgment," that is, a "determination of *all* the parties' rights"; and (2) it would be unjust to award plaintiff attorney's fees at this juncture. Defendants have not responded to plaintiff's third contention which was raised for the first time in plaintiff's reply brief.

*Discussion*

*Summary*

The appellate decision finally determined only that the relief sought by plaintiff was not necessarily " 'relief contrary to the policy of California antideficiency legislation,' " and that plaintiff was entitled to its appeal costs made recoverable by California Rules of Court, rule 26.[3]

■ Recovery of attorney's fees as costs under Civil Code section 1717 is dependent upon the claimant's status as "the prevailing party" and upon it be-

---

[2]The amendment substantially rewrote the section as follows: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"(b)(1) The court, upon notice and motion by a party, shall determine who is the prevailing party, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the prevailing party shall be the party who is entitled to recover costs of suit.

"(2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.

"Where the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party within the meaning of this section."

[3]Code of Civil Procedure section 1034 provides: "In appeals from the superior and municipal courts, costs shall be awarded as provided in rules adopted by the Judicial Council."

Rule 26, so far as pertinent to this appeal, provides: "(c) The party to whom costs are awarded may recover *only the following*, when actually incurred: (1) the cost of preparation of an original and one copy of any type of record on appeal authorized by these rules if he is the appellant, . . . (2) the reasonable cost of printing or reproduction of briefs by other process of duplication; . . . (4) filing and notary fees and expense of service, transmission and filing of the record, briefs and other papers . . . ." (Italics added.)

Hereinafter, costs authorized by rule 26 are referred to as "ordinary costs" on appeal.

ing equitable to award them. Plaintiff has shown neither such status nor equities sustaining an interim award.

The trial court, therefore, properly deferred determination of plaintiff's right to attorney's fees.

*Plaintiff Not "the Prevailing Party"*
*Within Civil Code Section 1717*

In its reply brief, plaintiff for the first time[4] raises the effect of the amendment to Civil Code section 1717, effective January 1, 1982, and submits "that under the former and present versions of Civil Code § 1717," the court's ruling is erroneous. ■ A threshold question is thereby presented: what law governs the propriety of the court's order? Though there is no question that, as an amendment to remedial legislation, the amendment applies to "past transactions," to wit, the agreement for fees (*Abrams* v. *Stone* (1957) 154 Cal.App.2d 33, 42 [315 P.2d 453]), it is less clear that such an amendment renders erroneous a decision which necessarily was made under the prior law. In *Tulare Dist.* v. *Lindsay-Strathmore Dist.* (1935) 3 Cal.2d 489 [45 P.2d 972], our Supreme Court noted that there was a division of authority on that question. The court stated (*id.*, at pp. 527-528): "[O]n the main question as to whether the cause should be disposed of according to the law in effect at the time judgment was rendered, or to the law in effect at the time the cause is disposed of on appeal, there is a sharp diversion of authority. (4 Cor. Jur., p. 1119, sec. 3109; see, also, Cooley, Constitutional Limitations, 8th ed., vol. 2, p. 790.) California, apparently has cases both ways. In *Hancock* v. *Thom*, 46 Cal. 643, and in *D. I. Nofziger Lumber Co.* v. *Waters*, 10 Cal.App. 89 [101 Pac. 38], without adequate discussion, it was held that the law in effect at the time the judgment was rendered by the lower court was controlling, while in *First National Bank* v. *Henderson*, 101 Cal. 307 [35 Pac. 899], it was held that the appellate court must dispose of the case in accordance with the law existing at the time of its own decision. (See, also, 2 Cal.Jur., p. 806, sec. 474; 2 Cal.Jur., p. 972, sec. 572.) Whether these cases are in conflict or can be reconciled, and what the better rule may be in cases of appeals generally need not now be decided. In the class of appeal here presented, there should be and there is no question. The present action involves an appeal from an injunction decree, which, by its very nature, acts on the rights of these parties in the future. The very nature of the proceeding was to settle for all time the rights of these parties to the waters of the Kaweah delta. It would be an idle gesture to affirm this judgment in favor of the riparian respondents, because correct when rendered, with full knowledge

---

[4]This amendment did not take effect until after plaintiff's opening brief was filed.

that it is incorrect under existing law, and with full knowledge that, under existing law, the decree as rendered settles nothing so far as the future rights of these parties are concerned. For this reason, *whatever may be the law applicable to appeals generally*, the rule is well settled that on appeals involving injunction decrees, the law in effect when the appellate court renders its opinion must be applied." (Italics added.)

This apparent conflict as to the rule "applicable to appeals generally" seems never to have been resolved by our Supreme Court. In *White* v. *Davis* (1975) 13 Cal.3d 757, 773, footnote 8 [120 Cal.Rptr. 94, 533 P.2d 222], it is stated: "Although the voters did not adopt the new constitutional provision until after the filing of the instant suit and the sustaining of the demurrer, the new constitutional provision is controlling on this appeal *because the complaint sought only injunctive relief* to restrain the continuation of the alleged surveillance and data collecting practice in the future. 'Relief by injunctions operates in futuro, and the right to it must be determined as of the date of decision by an appellate court.' (*American Fruit Growers* v. *Parker* (1943) 22 Cal.2d 513, 515 [140 P.2d 23]; see, e.g., *Cal-Dak Co.* v. *Sav-On Drugs, Inc.* (1953) 40 Cal.2d 492, 496-497 [254 P.2d 497]; *United States* v. *Alabama* (1960) 362 U.S. 602, 604 [4 L.Ed.2d 982, 983, 80 S.Ct. 924]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 222, p. 4212.)" (Italics added.)

In *McKinny* v. *Board of Trustees* (1982) 31 Cal.3d 79, 85, footnote 1 [181 Cal.Rptr. 549, 642 P.2d 460], the following appears: "It is the established rule that 'on appeals *involving injunction decrees,* the law in effect when the appellate court renders its opinion must be applied.' (*Tulare Dist.* v. *Lindsay-Strathmore Dist.* (1935) 3 Cal.2d 489, 527-528 [45 P.2d 972].)" (Italics added.)

It appears, however, that an additional exception has been created in respect of legislation authorizing awards of attorney fees. In *Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 933 [154 Cal.Rptr. 503, 593 P.2d 200], our Supreme Court reversed a denial of attorney's fees on the basis of enactment of Code of Civil Procedure section 1021.5 pending appeal of the denial. In doing so, the court approved prior Court of Appeal decisions in *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920 [102 Cal.Rptr. 248], and *Kievlan* v. *Dahlberg Electronics, Inc.* (1978) 78 Cal.App.3d 951 [144 Cal.Rptr. 585]. Both of these cases applied statutory changes authorizing fee awards to appeals from orders made before their effective dates. *Olson* held that Government Code section 800 applied to a pending case because "[i]t is procedural only. A lawsuit is governed by a change in procedural rules made during its pendency, and the suit is pending until its final determination on appeal." (25 Cal.App.3d at p. 922.) *Kievlan* reached the same conclusion with respect to Code of Civil Procedure section 1021.5, citing and quoting *Olson*.

It appears, therefore, that the amendment to Civil Code section 1717, effective January 1, 1982, governs the propriety of the trial court's order herein. Nonetheless, out of an abundance of caution, we will examine the propriety of the order under both versions of section 1717.

 Prior to its amendment, section 1717 authorized an award of attorney's fees as costs to " 'the prevailing party' " which it defined as "the party in whose favor final judgment is rendered." Plaintiff argues that it is such party because the appellate decision favorable to it carries costs on appeal and when the costs are settled constitutes a final independent judgment for such costs enforceable by execution. Plaintiff quotes 6 Witkin, California Procedure (2d ed. 1971) Appeal, section 595, page 4524, which fully supports this proposition. Witkin states:

"C.C.P. 1034 provides that the award of costs may be enforced by execution as upon a judgment, and Rule 26(b) speaks of a 'judgment' for costs. In other words, *trial court costs* are a mere incident of the main judgment, and not separately enforceable; but after appeal there may be a new trial with even a further appeal, and the proceedings may cover a long period of time.

"Accordingly, the award of *costs on appeal*, when properly allowed in the trial court, represents an independent *judgment*, enforceable by execution. 'It is a complete judgment in itself that finds its origin in the order of an appellate or the Supreme Court affirming or reversing a judgment of a lower court. The right to such judgment comes into being when the order of the reviewing court becomes final. The judgment itself is created when the successful party files his cost bill and his costs are taxed.' (*Supera v. Moreland Sales Corp.* (1938) 28 C.A.2d 517, 521, 82 P.2d 963; see also *First Nat. Bank v. Stansbury* (1931) 214 C. 190, 192, 5 P.2d 11 ['There is no interdependence between the judgment for costs of the former appeal and any judgment which may subsequently be entered in the main case']; *Dalzell v. Kelly* (1952) 115 C.A.2d 60, 251 P.2d 343 [cost judgment bears interest from time when amount is fixed by order on motion to tax or lapse of time for such motion].) Indeed, to avoid oppression, the trial court may stay the retrial of a case reversed on appeal until such costs are paid. (See *Weile v. Sturtevant* (1917) 176 C. 767, 169 P. 685.)" (Italics in original.)

Plaintiff's logical argument is that its receipt of a final judgment for costs makes it "the party in whose favor final judgment is rendered" and therefore "the prevailing party."

This argument would be persuasive had it not been rejected by our Supreme Court in *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031]. Such rejection is apparent from the fact that in

his dissenting opinion, Justice Mosk made the same argument with respect to the judgment for ordinary costs to which the defendant is entitled as a matter of course upon the filing of a voluntary dismissal. Justice Mosk said (*id.*, at p. 225):

"It has long been the rule that taxing costs and settling a cost bill are judicial functions, the result of which is a judgment for costs. (See *Hopkins* v. *Superior Court* (1902) 136 Cal. 552, 554 [69 P. 299].) The result may not be a determination on the merits of the underlying claim, but it is in all respects a final judgment.

"Thus if, as the majority appear to agree, the defendant is entitled to his costs upon plaintiff's filing a voluntary dismissal, the defendant thereby satisfies the only requirement of Civil Code section 1717 for becoming a 'prevailing party': he is 'the party in whose favor final judgment is rendered.'"

What Justice Mosk says about the judgment for costs in favor of the defendant upon voluntary dismissal is no different than what Witkin says about judgments for costs on appeal. But the majority of the court declined to accept this logic. The majority opinion discussed prior Court of Appeal decisions as follows (*id.*, at p. 222):

"*Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116 [108 Cal.Rptr. 782], appears identical to the present case. In *Associated*—as here—the plaintiff procured a voluntary dismissal without prejudice pursuant to Code of Civil Procedure section 581, subdivision 1; the defendant—as here—contended it was entitled to attorney fees by virtue of section 1717. The court held the defendant was not entitled to attorney fees because no final judgment had been rendered in its favor. (*Id.*, at pp. 120-121.) *Associated* reasoned the entry of judgment following voluntary dismissal is nonjudicial because performed by the clerk, and not final because such judgment does not determine the rights of the parties. (*Id.*) Finally, the court noted the *rendition* of a judgment is a judicial act, not a ministerial act like the entry of the voluntary dismissal. (*Id.*, at p. 121.)

"*Gray* v. *Kay* (1975) 47 Cal.App.3d 562 [120 Cal.Rptr. 915], is also identical to the present case. *Gray* followed *Associated* in holding that a voluntary judgment of dismissal does not involve rendition of a final judgment. (*Id.*, at p. 565.) Similarly, in *Samuels* v. *Sabih* (1976) 62 Cal.App.3d 335 [133 Cal. Rptr. 74], the court held a dismissal procured by the defendant for want of prosecution (Code Civ. Proc., § 583, subd. (b)), is not an adjudication on the merits, and is not a final judgment within the meaning of section 1717. (*Id.*, at pp. 339-340.)" (Italics in original.)

Though the above cases are not expressly approved, discussing their holdings without disapproval can only be construed as rejection of the dissent's logic.

In *Sain* v. *Silvestre* (1978) 78 Cal.App.3d 461 [144 Cal.Rptr. 478], this division reached a conclusion contrary to plaintiff's contention herein. In reversing a judgment for lack of evidence, we rejected appellant's request for an award of attorney's fees pursuant to Civil Code section 1717, stating a reason as follows (*id.*, at p. 476): "There is an additional reason why the attorneys' fees award cannot be made at this time. The 'Declaration' provisions provide that the 'losing' party will pay attorney's fees. At this time there is no losing or winning party. The reversal of the judgment contemplates a retrial."

The statutory language contemplates only one side being "*the* prevailing party," to wit, "*the* party in whose favor final judgment is rendered." (Italics added.) Had it contemplated a succession of prevailing parties, the Legislature would have used more appropriate language, such as "a prevailing party" and "a party in whose favor final judgment is rendered." It is apparent that until the litigation is finally disposed of, it cannot be ascertained that the outcome is more favorable to one party than to the other. Such determination requires a comparison of the extent to which each party had succeeded and failed to succeed in its contentions. (*Kytasty* v. *Godwin* (1980) 102 Cal.App.3d 762, 774 [162 Cal.Rptr. 556].) This cannot be done until the final outcome is reached.

Our former decision herein does not qualify as a final judgment in plaintiff's favor making it "the prevailing party" most successful in this litigation. No substantive rights are thereby adjudicated except the right to recover ordinary costs on appeal. The only other matter determined is that, assuming the truth of plaintiff's allegations, relief is not *necessarily* foreclosed by " 'the policy of California anti-deficiency legislation . . . .' " The applicability and effect of such policy is left open in the opinion which states, "While it is true that the anti-deficiency principles of Code of Civil Procedure section 580b may eventually play a role in the ultimate resolution of the controversy, we cannot say their application mandates the sustaining of a demurrer at this time." Actually, all that is decided is that defendants should be required to answer.

Plaintiff's status is no different under the amendment to Civil Code section 1717, effective January 1, 1982. That amendment did not revise the requirement that in order to be entitled to a fee award, one must be "the prevaling party." Nor does the change in the definition of "the prevailing party" suggest that there may be more than one prevailing side ultimately in a given lawsuit. The language authorizing determination of who is the prevailing party "whether or not the suit proceeds to final judgment" (Civ. Code, § 1717, subd. (b)(1)) does not imply that the suit need not be finally disposed of. It appears to be directed to overruling *Samuels* v. *Sabih* (1976) 62 Cal.App.3d 335, 340 [133 Cal.Rptr.

74], which held that a dismissal procured by a defendant for failure to prosecute was "not a final judgment within the meaning of section 1717." By providing that "*the* prevailing party shall be *the* party who is entitled to recover *costs of suit*" (*ibid.*; italics added), the requirement that there be some reckoning of the net success of the respective parties is preserved. That net success, of course, cannot be ascertained until the final termination of the suit. The recipient of an interim award of costs on appeal will not necessarily be the recipient of the "costs of suit."

Moreover, subdivision (b)(2) of section 1717 makes it clear that there can be no prevailing party until the final disposition of the entire litigation. It creates two exceptions where there shall be no prevailing party even though the suit is finally disposed of in a manner entitling some party to costs of suit. The first of these exceptions is "[w]here an action has been *voluntarily dismissed* or dismissed pursuant to settlement of the case, *there shall be no prevailing party for purposes of this section.*" (Italics added.) In view of this provision, it is obvious that there can be no prevailing party until it is clear that the case cannot be voluntarily dismissed. It is unnecessary to speculate as to that possibility in the case at bench since plaintiff tells us in its appellant's brief that "[P]laintiff may, for any number of business reasons, including the loss of time of its key executives that would be involved in a trial, wish to dismiss its action." If it does so, it is clear there will be no prevailing party.

Also pertinent is the second exception in subdivision (b)(2), which makes the defendant a prevailing party if in the answer a tender is alleged, a deposit is made, and the plaintiff is found to be entitled to no more than the amount of the tender. The possibility of such disposition denying prevailing party status to the plaintiff precludes the possibility of determining that plaintiff is the prevailing party when an answer has not been but may be filed.

Since we conclude that under either form of Civil Code section 1717 plaintiff could not be determined to be "the prevailing party," the trial court was correct in so ruling.

*Interim Award Not*
*Shown to Be Equitable*

In *International Industries, Inc.* v. *Olen, supra,* 21 Cal.3d 218, 224, our Supreme Court held that the award of attorney's fees pursuant to section 1717 is "governed by equitable principles." The court said in this respect (*id.,* at pp. 223-224):

"In *Ecco-Phoenix Electric Corp.* v. *Howard J. White, Inc.* (1969) 1 Cal.3d 266, 272 [81 Cal.Rptr. 849, 461 P.2d 33], this court rejected literal and inflexi-

ble interpretation of attorney fee clauses, pointing out that literal construction of the clause before the court would permit—contrary to sound public policy—the promisee to recover even if he was responsible for the litigation, encouraging and in fact indemnifying vexatious and frivolous litigation. Although the contract provision in that case provided for defendant's recovery of fees for any litigation, this court held that fees could be recovered only to the extent necessary to protect the defendant's rights and that where the plaintiff is partially successful, the plaintiff's liability is limited to fees for the part of the defense which was successful. Other cases have likewise recognized that the contractual provisions for attorney fees will not be inflexibly enforced and that the form of the judgment is not necessarily controlling, but must give way to equitable considerations. (*National Computer Rental, Ltd.* v. *Bergen Brunswig Corp.* (1976) 59 Cal.App.3d 58, 63 [130 Cal.Rptr. 360]; *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625, 633-634 [107 Cal.Rptr. 512]; *Levy* v. *Ross* (1969) 269 Cal.App.2d 231, 238 [74 Cal.Rptr. 622].) Nevertheless, some older decisions have taken a mechanical approach to attorney fees clauses.

"Enactment of section 1717 commands that equitable considerations must rise over formal ones. Building a reciprocal right to attorney fees into contracts, and prohibiting its waiver, the section reflects legislative intent that equitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction."

Both plaintiff and defendants herein acknowledge the applicability of this rule and neither side suggests that the amendment to section 1717 changes it. Plaintiff argues that the equities favor an interim award of attorney's fees because "for any number of business reasons" it may wish to dismiss its action, and for it to do so without the interim award "would require plaintiff to forfeit those fees of $60,000 or continue litigation that it might otherwise have abandoned." It is clear that under the decision in *International Industries, Inc.* v. *Olen, supra,* 21 Cal.3d 218, construing the original language of section 1717, and under the clear provisions of the amendment that such dismissal would foreclose recovery of any attorney's fees in respect of the entire case by either party. What plaintiff seeks as "equity" is that it recover its fees for the side trip to the appellate court while denying defendants' recovery of their unquestionably larger fees with respect to the proceedings in the trial court, should they prevail. We see no equity in this proposition. If defendants' right to costs may thus be terminated, equal treatment certainly requires denial of costs to plaintiff.

Plaintiff also suggests that in the event the case does proceed to judgment in favor of defendants, it will be troublesome to adjust the parties' offsetting rights to fees. We see no serious difficulty in ascertaining defendants' entitlement to fees; those incurred in the former appeal would be excluded, and plaintiff's fees

on such appeal would constitute an offset to any award of fees to defendants for other aspects of the case.

The trial court's disposition of this matter involves far less injustice than inhered in the "Hobson's choice" made by our Supreme Court in *International Industries, Inc.* In that case it was found necessary to deny costs to either party because, without undertaking to try a case which had been dismissed, it was not possible to ascertain where the equities might lie. No such waste "of scarce judicial resources" is involved in postponing consideration of plaintiff's claim for attorney's fees as costs of the appeal, If the case ultimately is disposed of without a prevailing party, the necessity for adjudicating the amount of the fee is avoided. If there is a prevailing party, no determination that would not otherwise be required is added by the postponement.

We conclude from the foregoing that the court's order striking item 5 from the cost bill must be affirmed.

DEFENDANTS' APPEAL (NO. 63361)

### Contentions

Defendants contend that the trial court erred in approving plaintiff's items 2 and 3 because plaintiff "provided no competent proof that the purported costs of preparation of the record and briefs were reasonable in amount."

Plaintiff contends that items 1, 2 and 3 each were adequately supported by plaintiff's showing in the trial court and that defendants' contentions are frivolous inasmuch as they are unsupported by any argument or authority.

### Discussion

*Summary*

■ Defendants' contentions are unsupported by any argument or authority. Plaintiff, moreover, has demonstrated the propriety of all three items. Defendants' appeal is, therefore, frivolous.

*Item 2 (Preparation of Record*
*on Appeal) Substantiated*

In support of item 2, which was $857 for preparation of the record on appeal), plaintiff submitted in the trial court a declaration of its attorney which showed that an additional 941 pages was added to the transcript by defendants'

designation of additional record and that $857 was the precise amount demanded by the clerk for its preparation. Defendants have made no countershowing. It is therefore clear that defendants' objection to this item was frivolous.

*Item 3 (Printing of*
*Briefs) Substantiated*

Plaintiff attached statements from Parker & Sons showing their charges totaling $1,803.08. Plaintiff further showed that defendants' brief on the appeal was likewise prepared by Parker & Sons. The only showing attempted by defendants was a conclusory statement in its points and authorities that "the expense of the printing process was not reasonable when compared to other available processes, such as that made available by Lorraine Mitchell—Legal Brief, which utilizes a process of reproduction of furnished pre-typed copy, at a cost substantially less than the printing process utilized by Parker & Son." Without any competent evidence of what the alternative charges would be, defendants claimed that this item should be cut in half. Defendants cited no authority for the proposition that the availability of alternative processes made the printing of briefs unreasonable. A similar contention was urged and rejected in *Harmon* v. *Pacific Tel. & Tel. Co.* (1962) 201 Cal.App.2d 453 [20 Cal.Rptr. 118]. The court said (*id.,* at p. 455): "The fact that the brief could have been printed by some other printer, or produced by some other process, at a lesser cost is not controlling. The only requirements in this respect are that the cost be actually incurred and that it be reasonable. (*Wilson* v. *Board of Retirement,* 176 Cal.App.2d 320, 323 [1 Cal.Rptr. 373].) What is reasonable presents a question of fact which the trial court herein, upon conflicting evidence, determined adversely to appellant's contention. This ruling finds support in the record. (See *Oppenheimer* v. *Robinson,* 163 Cal.App.2d 367, 368 [329 P.2d 318]; *Oppenheimer* v. *Moebius,* 165 Cal.App.2d 659, 660 [332 P.2d 181]; *Eistrat* v. *Brush Industrial Lbr. Co.,* 156 Cal.App.2d 460, 461 [319 P.2d 466].)"

The ruling in this case also finds support in the record. The original memorandum of costs contains the verified declaration by plaintiff's attorney that the listed costs "[had] been necessarily incurred" and the amount was that which was billed by the printer who likewise was employed by defendants.

Though entirely frivolous, defendants' appeal did not cause any substantial expense to plaintiff. No additional record was required to be prepared at its expense. In the absence of any presentation of argument by defendants, plaintiff was not called upon to pay for additional attorney's effort. Consequently, though we do not condone such a frivolous appeal, we do not deem it appropriate to impose a sanction.

*Disposition*

The order striking item 5 from the cost bill is affirmed. The order denying defendants' motion to tax items 1, 2 and 3 is affirmed. Defendants are awarded costs on plaintiff's appeal (2d Civ. No. 62836); plaintiff is awarded costs on defendants' appeal (2d Civ. No. 63361).

Lui, J., and Danielson, J., concurred.