[Civ. No. 48704. Second Dist., Div. Five. Sept. 27, 1976.]

MILTON SAMUELS et al., Plaintiffs and Respondents, v.
DAVID SABIH et al., Defendants and Appellants.

COUNSEL

Shapiro, Finn & O'Leno, Shapiro & Finn and David S. Sabih for Defendants and Appellants.

Haberman, Klein & Avery, Ralph R. Scott, Mark Alan Klein and Stanley E. Haberman for Plaintiffs and Respondents.

## OPINION

**HASTINGS, J.**—The issue raised by this appeal is whether a defendant, who has been successful in having the plaintiff's cause of action

dismissed because it was not brought to trial within five years, is entitled to attorney's fees pursuant to section 1717 of the Civil Code.

The five-year history of the litigation is as follows:

Plaintiffs filed their complaint on April 6, 1967, for specific performance and appointment of a receiver under and by virtue of a note secured by a deed of trust in the amount of $75,000. Plaintiffs sought a preliminary injunction, an appointment of a receiver, and attorney's fees pursuant to the terms of the note. Defendants filed an answer on June 2, 1967, denying the allegations of the complaint and pleaded various affirmative defenses. On April 6, 1967, the court appointed a receiver, ex parte, on the real property securing the note. Upon defendants' motion, the court discharged the receiver and vacated its April 6, 1967, order; then ordered the complaint transferred to the Central District. Plaintiffs once again moved to obtain an order to show cause regarding the appointment of a receiver and preliminary injunction and temporary restraining order. After several continuances, the hearing was held on July 25, 1967. The court denied plaintiffs' application for the appointment of a receiver. On August 1, 1967, plaintiffs filed a motion for an order to show cause regarding contempt against defendants and the hearing was held on August 15, 1967. Four different witnesses testified and various exhibits were received in evidence. The court discharged the order to show cause re contempt. On November 5, 1975, pursuant to defendants' motion, the court granted dismissal of the action as to defendants David and Elaine Sabih. On November 24, 1975, defendants moved the court for an order awarding them attorneys' fees of $1,777 and costs of $140.35. The court granted defendants' motion for costs in the sum of $140.35, but denied the motion for attorneys' fees. This appeal followed.

The promissory note upon which the complaint was based provides: "If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees." ■ Civil Code section 1717[1] transfers a unilateral contractual right to attorney's fees into a reciprocal provision giving the right to recovery to a prevailing party.

[1]Civil Code section 1717 provides:

"In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in

Defendants refer us to the court record that shows that there were at least six court appearances made on their behalf. One appearance required them to defend against an order to show cause re contempt. In other appearances, they were required to defend against the appointment of a receiver ex parte and had to defend against an order to show cause re an appointment of a receiver. ■■■ Defendants state that obviously they were the prevailing party in the action and it was an abuse of discretion by the court to not award attorney's fees in the amount of $1,777 to them.[2]

Plaintiffs argue that defendants could not establish that they were the prevailing party in whose favor a final judgment is rendered within the meaning of section 1717, citing *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d 116. In that case, plaintiff sued defendants on a promissory note for the unpaid principal and accrued interest, for foreclosure of the security, and for declaratory and equitable relief. Demurrers were sustained to eight of the eleven causes of action. Plaintiff filed an amended complaint, but before defendants filed any pleadings thereto, the action was dismissed without prejudice at the request of plaintiff and without notice to defendants. Defendants thereafter sought costs (Code Civ. Proc., § 1032, subd. (a)) and attorneys' fees (Civ. Code, § 1717). The court awarded costs, but not attorneys' fees. In affirming, this court (Division Three) said on page 121: "Although we recognize that a voluntary dismissal may have some of the attributes of a final judgment, we doubt that the Legislature ever intended that a ministerial, nonjudicial act by a clerk, which 'leaves the defendant as though he had never been a party' [citation], would result in the defendant becoming the 'prevailing party' under section 1717, i.e., 'the

the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

See also: *T. E. D. Bearing Co.* v. *Walter E. Heller & Co.,* 38 Cal.App.3d 59 [112 Cal.Rptr. 910], and *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.,* 33 Cal.App.3d 116 [108 Cal.Rptr. 782].

[2]Defendants conceded, at oral argument before this court, that they would not have been entitled to attorney's fees if requested on each or any of the six appearances, nor on the Code of Civil Procedure, section 583, subdivision (b) dismissal, had there been *no* intervening intermediate proceeding. They believe, however, that it is unfair to deny them attorney's fees on a record replete with court appearances where they were the successful party. Although we are inclined to sympathize with defendants' position, we are convinced the law is to the contrary. Any change rests with the Legislature.

party in whose favor final judgment is rendered.' We must assume that the Legislature considered these words carefully and used them in their commonly accepted meaning. Thus, '[a] judgment is final only when it determines all of the rights of the parties and requires no further judicial action to give effect to its provisions. [Citations.]' (*Gollard* v. *Bayless,* 174 Cal.App.2d 827, 829 [345 P.2d 299]; see also *Meehan* v. *Hopps,* 45 Cal.2d 213, 217 [288 P.2d 267].) We have no 'final judgment' in this case. The word 'rendered' also has significance; it 'is appropriately used in reference to a judgment or decree, but not to a proceeding or order.' [Citation.] The rendition of a judgment is a judicial, not a ministerial, act. [Citations.] No final judgment was 'rendered' or could have been rendered under the circumstances of this case. The trial court properly denied defendants' motion for attorney's fees."

Other cases further define the commonly accepted meaning of a final judgment. In *Southern Pac. R. R. Co.* v. *Willett,* 216 Cal. 387, 390 [14 P.2d 526], the court said: "The action has simply been dismissed under the provisions of section 583 of the Code of Civil Procedure for failure to prosecute with reasonable diligence and for failure to bring the case to trial within the time prescribed by the statute. It has been said that such an order of dismissal is not a judgment at all in the strict sense . . . ."[3] And in *Specht* v. *City of Los Angeles,* 201 Cal.App.2d 457, on page 460 [20 Cal.Rptr. 42], the court said: " 'But the dismissal of an action for lack of prosecution is without regard to the merits or demerits of the cause of action.' . . . 'The purpose of section 583 is to prevent avoidable delay in bringing an action to trial. [Citations.] A delay of five years is declared by this statute to be unreasonable as a matter of law [citations] and to be sufficient time to complete preliminary matters in bringing the cause to trial. [¶] However, the statute is not designed to arbitrarily close the proceedings at all events in five years. It expressly permits the parties to extend the period without limitation by written stipulation. . . .' "

Defendants distinguish *Associated Convalescent Enterprises* on the ground that the dismissal in that case was a nonjudicial act performed by the clerk, whereas the dismissal in their case was ordered by the court, a distinction recognized in *Gray* v. *Kay,* 47 Cal.App.3d 562, 567 [120

[3]The opinion proceeded to state that it would be considered as a final judgment but only for purposes of appeal.

Cal.Rptr. 915].[4] ██ This argument misses the point because a dismissal pursuant to section 583, subdivision (b), however made, is not a final judgment within the meaning of section 1717. (See *Southern Pac. R. R. Co.* v. *Willett, supra,* 216 Cal. 387, and *Specht* v. *City of Los Angeles, supra,* 201 Cal.App.2d 457.)

██ The order denying attorney's fees to defendants is affirmed.

Kaus, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied October 19, 1976, and appellants' petition for a hearing by the Supreme Court was denied November 24, 1976.

---

[1]*Gray* was not dealing with a section 583, subdivision (b) dismissal and is inapplicable here.