[No. B015427. Second Dist., Div. Seven. June 19, 1986.]

ROBERT LACHKAR et al., Plaintiffs and Respondents, v.
MICHEL LACHKAR et al., Defendants and Appellants.

642

COUNSEL

Bishton & Jurecka and R. J. Rodriguez for Defendants and Appellants.

Gerard E. Traumueller for Plaintiffs and Respondents.

OPINION

LILLIE, P. J.—Defendants Michel Lachkar, Norris J. Bishton, Jr., Touche, Ltd., a limited partnership, and MLNB, Inc., appeal from that portion of an order awarding plaintiffs Robert Lachkar, Georges Lachkar, and Vertical Foods, Inc., attorneys fees and costs of suit incurred in connection with a petition to compel arbitration under Code of Civil Procedure section 1281.2.

I

FACTS

Robert Lachkar (Robert), Georges Lachkar (Georges), and Michel Lachkar (Michel) were sole shareholders of Vertical Foods, Inc., which operated a restaurant and cocktail lounge known as Entourage Restaurant. On August 9, 1984, Georges, Robert and Vertical Foods, Inc. entered into a contract of sale with Michel and Norris J. Bishton, Jr. (Bishton), whereby Michel and Bishton purchased all of the assets of Vertical Foods, Inc., leased premises, purchased the liquor license, obtained options to purchase certain real property rights, entered into consulting agreements, and agreed to manage the restaurant from August 6, 1984, until the close of escrow on the contract of sale. The contract of sale provided that ". . . any controversy between the parties hereto involving the construction or application of any of the terms, covenants or conditions of this agreement, shall on written request of one party served on the other be submitted to arbitration, and such arbitration shall comply with and be governed by the provisions of the California Arbitration Act, sections 1280 through 1294.2 of the California Code of Civil Procedure."

Pursuant to an August 6, 1984, management agreement, Michel was to have sole management of Vertical Foods under certain terms and conditions, from August 6, 1984, until the close of escrow. Sometime on or prior to January 7, 1985, Michel and Bishton assigned the contract of sale to Touche, Ltd., a limited partnership doing business as Michel's Entourage Restaurant, with MLNB, Inc., as the general partner and Michel and Bishton as the

limited partners. On January 7, 1985, Georges and Robert each executed a consulting agreement with Touche, Ltd., whereby Touche, Ltd., retained Robert and Georges as consultants in the business formerly operated by Vertical Foods. The consulting agreements provided that "The parties hereto do hereby consent to submit any contention, claim or controversy arising under this Agreement which after reasonable effort, they cannot mutually and satisfactorily resolve, to arbitration under the auspices of the American Arbitration Association in Los Angeles, California."

On February 28, 1985, plaintiffs gave notice and demand in writing to defendants that they submit differences which had arisen under their agreements to arbitration. Attached to the February 28 notice and demand was a proposed submission agreement setting out the details of the controversies arising under the contract of sale, the management agreement, and consulting agreements. The disputes included, but were not limited to, payment of vendors' claims, failure to pay consulting fees, failure to perform duties under the management agreement, and failure to make timely payments on a note constituting a second trust deed on property used for restaurant parking.

## II

### PROCEDURAL HISTORY

On April 2, 1985, plaintiffs filed a petition to compel arbitration of "a number of contentions, claims, and controversies between petitioners [plaintiffs] and respondents [defendants] concerning the interpretation and application of the terms, covenants and conditions" of the contract of sale, management agreement, and consulting agreements. The prayer of the petition sought, among other things, an order that defendants "do all things necessary to submit the matters described in Exhibit 'E' herein [the proposed submission agreement] to arbitration under the auspices of the American Arbitration Association," attorneys fees incurred in the petition in the amount of $2,500, and "costs of suit incurred herein."

In response to the petition defendants denied they refused to arbitrate those controversies arising under the contract of sale and consulting agreements. They maintained that they first requested arbitration of disputes arising under the contract of sale in a February 7, 1985, letter to plaintiffs' attorney, and again in a March 7, 1985, letter they agreed to arbitrate disputes under the contract of sale and disputes under the consulting agreements, but only pursuant to the procedures set out in those agreements; and that plaintiffs were seeking to arbitrate matters under the management agreement, a lease, and a note, which did not contain arbitration provisions.

According to the minute order dated April 26, 1985, the court granted the petition, and ordered moving party to give notice and prepare order. Thereafter both parties filed notice of ruling giving differing interpretations of the court's order. Finally, on May 10, 1985, the court signed "Order to Compel Arbitration" submitted by plaintiffs which among other things provided that they "recover the costs herein from the respondents [defendants] . . . in the sum of $ᵖ." On May 20, 1985, plaintiffs filed a memorandum of costs and disbursements for $113 in clerk's fees.

On June 4, 1985, defendants filed a "motion pursuant to Code of Civil Procedure section 473 for correction of erroneous order made May 10, 1985," claiming that the order did not accurately reflect the court's ruling of April 26, 1985, in that the court neither awarded costs or sanctions nor ordered arbitration of the management agreement. In opposition, plaintiffs contended that the court "specifically held Exhibit A [the contract of sale] was the controlling agreement and that the duty to arbitrate Exhibit B, C, and D and other related documents, was included in the provision for arbitration found in Exhibit A."

On June 26, 1985, the court denied defendants' motion. The minute order of that date recited, "Motion is denied. The 5/10/85, order is vacated. Counsel for plaintiff to submit another order which will be held for five days for objections by counsel for defendant." Thereafter, plaintiffs submitted a proposed first amended order to compel arbitration containing an award of costs and also an award of attorneys fees in the amount of $2,500. Defendants objected to the inclusion of the provisions for costs and attorneys fees. The court did not sign plaintiffs' proposed first amended order; rather, it issued a July 16, 1985, minute order stating: "The minute order of 4/26/85, granted the motion (petition) as prayed. The prayer was for an order compelling arbitration of Exhibits A, B, C and D to petition (see paragraph 1 of prayer of petition). Also paragraph 18 of petition and paragraph 3 of prayer thereto asked for $2500.00 attorneys fees. Therefore, the 4/26/85, order remains the order of the Court."

■ ■■■■ Defendants appeal from that portion of the July 16, 1985, order awarding costs and attorneys fees.[1]

---

[1]Defendants filed a notice of appeal on July 19, 1985, from order issued June 26, 1985. They make no argument concerning this order and the appeal therefrom is dismissed. On July 29, 1985, they filed "Corrected Notice of Appeal" from the ruling and order issued July 16, 1985; in effect this constitutes a notice of appeal from the July 16, 1985, order timely filed. Although an order compelling arbitration is not appealable, an order requiring an aggrieved party immediately to pay money or perform some other act is appealable as a final determination of a collateral matter distinct and severable from the general subject of the litigation. (*Spence* v. *Omnibus Industries* (1975) 44 Cal.App.3d 970, 976 [119 Cal.Rptr. 171] [order to pay an arbitration filing fee in a proceeding to compel arbitration].)

## III

### Costs

■ We agree with appellants' contention that the ruling on the petition for order to compel arbitration was not a judgment which entitled respondents to costs under Code of Civil Procedure section 1032, subdivision (a).

The statute provides in pertinent part, "In the superior court, except as otherwise expressly provided, costs are allowed of course: (a) *Plaintiff.* To plaintiff upon a judgment in his favor . . . in a special proceeding . . . ." (Code Civ. Proc., § 1032, subd. (a).) An arbitration proceeding which is ordered pursuant to part 3 of the Code of Civil Procedure is recognized as a "special proceeding." (*San Diego Tavern etc. Assn.* v. *Local Joint Executive Board* (1959) 174 Cal.App.2d 246, 249 [344 P.2d 350].) The definitions of a motion and an order in a civil action are applicable to similar acts in a special proceeding. A judgment in a special proceeding is the final determination of the rights of the parties therein. (Code Civ. Proc., § 1064.) The court's ruling on the petition to compel arbitration herein was not a final determination of the rights of the parties.

Addressing the issue as to whether a ruling on a motion to compel arbitration was a final determination which resulted in a prevailing party under the former version of Civil Code section 1717, which defined "prevailing party" for purposes of a contractual right to recover attorneys fees as "the party in whose favor final judgment is rendered," the court in *La Pietra* v. *Freed* (1978) 87 Cal.App.3d 1025 [151 Cal.Rptr. 554] stated: "'The proceeding to compel arbitration is in essence a suit in equity to compel specific performance of a contract [citations]. The powers of the superior court in passing upon the petition are those prescribed and limited by the provisions of Code of Civil Procedure 1281.2.'[2] (*Atlas Plastering Inc.* v. *Superior Court* [(1977)] 72 Cal.App.3d 63, 69 [140 Cal.Rptr. 59]; *Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau* [(1976)] 56 Cal.App.3d 657, 661 [128 Cal.Rptr. 514].) [¶] There could be no final determination of the rights of the parties to this action at the time of the

---

[2]Code of Civil Procedure section 1281.2 provides in pertinent part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for the revocation of the agreement. [¶] (c) A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

motion. The arbitrator may determine that the issues submitted to him are not arbitrable and return the case to the court for proceedings, or, if arbitration proceeds to award and such is returned for confirmation, an appeal from said confirmation would be the final determination of the rights of the parties." (P. 1030.)

Without citation of authority in support thereof, respondents' position is that the court had discretion under Code of Civil Procedure section 1032, subdivision (c) to award costs because they prevailed in their petition to compel arbitration. Subdivision (c) of section 1032 provides: "(c) *Discretion, other actions.* In other actions than those mentioned in this section costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court." Because an arbitration proceeding commenced under Code of Civil Procedure section 1281.2 is a special proceeding, subdivision (a) of section 1032 is the applicable section. That section requires a final determination of the rights of the parties. Inasmuch as there was no final determination here, the court erred in awarding costs to plaintiffs.

IV

ATTORNEYS FEES

Appellants correctly contend that the court erred in awarding attorneys fees as requested in the petition to compel arbitration.

Paragraph 18 of the petition states: "18. Reasonable attorney's fees incurred in preparing this Petition and attending the hearing herein is $2,500.00." The memorandum of points and authorities accompanying the petition cites Code of Civil Procedure sections 1281.2 and 1290.2, argues defendants refused to arbitrate, and concludes: "Petitioner [plaintiff] believes that refusal to arbitrate is a continuation of respondents' [defendants'] bad faith conduct which has permeated their dealings herein and that the petitioners should be awarded attorneys fees in the amount of $2,500.00 for said refusal to arbitrate. Said award is consonant with the written agreements herein." The written agreements attached as exhibits to the petition contain the following attorneys fees provisions: "Should any litigation or arbitration, be commenced between the parties to this contract concerning said business, said License, this contract, or the rights and duties of either in relation thereto, the party, Buyer or Vertical Foods, prevailing in such litigation or arbitration shall be entitled, in addition to such other relief as may be granted, to a reasonable sum as for his attorney's fees in such litigation or arbitration which shall be determined by the court or arbitrator in such litigation or arbitration or in a separate action brought for that purpose." (Contract of sale.) The consulting agreements contain the fol-

lowing: "Costs, expenses and reasonable attorney fees caused by said arbitration shall be awarded to the prevailing party."

■ We agree with appellants that an award here under Code of Civil Procedure section 128.5[3] cannot stand because the order awarding attorneys fees does not comport with the statutory requirements of notice and that "An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." (Code Civ. Proc., § 128.5, subd. (b).) The order herein violates the statutory requirement that the reasons justifying the order be recited in detail therein. (See *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 962 [196 Cal.Rptr. 409]; *Corralejo* v. *Quiroga* (1984) 152 Cal.App.3d 871, 874 [199 Cal.Rptr. 733].)

■ It is also true that an award here, under Civil Code section 1717, cannot stand because there was no prevailing party pursuant to that statute. Civil Code section 1717 provides in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party . . . shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. . . . [¶] (b)(1) The court, upon notice and motion by a party, shall determine who is the prevailing party, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the prevailing party shall be the party who is entitled to recover costs of suit. [¶] (2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

As originally enacted, section 1717 defined the prevailing party as the party in whose favor final judgment was rendered. The 1981 Legislature changed the definition of prevailing party such that except for the situations set out in subdivision (b)(2) of the section, the prevailing party is the party entitled to costs. The amendment appears to be a direct legislative response to *Samuels* v. *Sabih* (1976) 62 Cal.App.3d 335, 340 [133 Cal.Rptr. 74], which held a dismissal for want of prosecution was not a final judgment within the meaning of section 1717. (*Nasser* v. *Superior Court* (1984) 156 Cal.App.3d 52, 58 [202 Cal.Rptr. 552].) Despite the amendment, the statute still requires that there be some final disposition of the rights of the parties.

---

[3]Code of Civil Procedure section 128.5, subdivision (a) gives the trial court power to order a party or the party's attorney, or both, "to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." The statute further states: "Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers . . . ." (§ 128.5, subd. (b).)

As explained in *Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 15-16 [186 Cal.Rptr. 695], the 1981 amendment to section 1717 "did not revise the requirement that in order to be entitled to a fee award, one must be 'the prevailing party.' Nor does the change in the definition of 'the prevailing party' suggest that there may be more than one prevailing side ultimately in a given lawsuit. The language authorizing determination of who is the prevailing party 'whether or not the suit proceeds to final judgment' . . . does not imply that the suit need not be finally disposed of. It appears to be directed to overruling *Samuels* v. *Sabih* . . . . By providing that '*the* prevailing party shall be *the* party who is entitled to recover *costs of suit*' . . . the requirement that there be some reckoning of the net success of the respective parties is preserved. That net success, of course, cannot be ascertained until the final termination of the suit." (Italics in original.)

Although the issue in *Bank of Idaho* was whether a plaintiff who succeeded in reversing a judgment dismissing an action after a demurrer was sustained without leave to amend was entitled to attorneys' fees under Civil Code section 1717, the court's analysis and interpretation of the statute is applicable here. In ordering arbitration pursuant to Code of Civil Procedure section 1281.2, the court was not determining the substantive rights of the parties. Because there was no "reckoning of the net success" of the parties, there was no prevailing party under the parties' agreements nor pursuant to Civil Code section 1717.

### Disposition

That portion of the order of July 16, 1985, awarding attorneys fees and costs is reversed. The appeal from the order of June 26, 1985, is dismissed.

Thompson, J., and Johnson, J., concurred.