Filed 3/17/21  Metz v. Kavanaugh CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| CAREY METZ, | B294388 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC672803) |
| v. | |
| RYAN KAVANAUGH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John P. Doyle and Dalila C. Lyons, Judges. Dismissed.

Raines Feldman, Miles J. Feldman and Robert M. Shore for Plaintiff and Appellant.

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, Ekwan E. Rhow, Thomas R. Freeman, Thomas V. Reichert, Joyce J. Choi and Tristan S. Favro for Defendant and Appellant.

————————————

Carey Metz, a hedge fund investor, filed this action against Ryan Kavanaugh, the founder and chief executive officer of Relativity Holdings LLC doing business as Relativity Media (Relativity), alleging Kavanaugh fraudulently induced Metz into investing $12.5 million in Relativity. The trial court granted Kavanaugh's motion to compel arbitration under the parties' arbitration agreement and ordered the arbitrator to determine which party was responsible for paying the initial arbitration fees under the agreement as the initiator of the arbitration. Metz then moved for an order compelling Kavanaugh to file the arbitration so Metz would not be deemed the initiating party. On November 13, 2018 the trial court denied Metz's motion and ordered him to file the arbitration, but it ordered Kavanaugh to advance the $300 filing fee (with the arbitrator later to determine allocation of the arbitration fees). Metz appealed the November 13 order. We agree with Kavanaugh the November 13 order is a nonappealable interlocutory order and grant his motion to dismiss. We also dismiss Kavanaugh's cross-appeal.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Investments*

As alleged in the amended complaint, in late 2013 Kavanaugh induced Metz to make a $10 million investment in Relativity, a film studio Kavanaugh founded and headed. Kavanaugh represented that Relativity had a proprietary computer model for predicting the success of a movie, it was able

---

[1]    In his motion to dismiss, Kavanaugh consented to dismissal of his cross-appeal if we dismiss Metz's appeal.

to raise the necessary capital, and it had the ability to refinance its debt.

In 2015 Relativity was facing maturing debt and a potential liquidity crisis, so Kavanaugh sought a second investment from Metz to serve as bridge financing and avoid bankruptcy. Metz alleges that to induce him to invest again, Kavanaugh provided him inflated valuations of Relativity's assets and falsely stated Kavanaugh and other investors had made multimillion dollar investments in Relativity. According to Metz, Kavanaugh also provided a personal guaranty that he would repay Metz's $2.5 million investment if Relativity later filed for bankruptcy and the company's equity was wiped out. In reliance on these representations and Kavanaugh's personal guaranty, on June 24, 2015 Metz invested an additional $2.5 million in Relativity.

On July 30, 2015 Relativity filed for Chapter 11 bankruptcy, and Metz's equity interest was lost. Metz alleges Kavanaugh at that time reiterated his personal guaranty of Metz's $2.5 million investment. Kavanaugh denies he ever made a guaranty, instead claiming he granted Metz a share of Relativity's postbankruptcy "units," which were worth more than Metz's $2.5 million investment.

On February 1, 2016 Kavanaugh and Metz entered into an economic participation agreement (Agreement) under which Kavanaugh granted to Metz a financial interest in 5 million membership units in the new Relativity entity following its bankruptcy restructuring. Under the Agreement, Metz agreed to release all "claims, and demands, of every kind and nature whatsoever, whether now known or unknown" against Kavanaugh and Relativity.

The Agreement included in paragraph 17 an arbitration provision that stated, "Any controversy or claim arising out of or relating to this Agreement, its enforcement, arbitrability, or interpretation shall be submitted to final, confidential, and binding expedited arbitration at ADR Services, Inc. . . . in accordance with California Code of Civil Procedure §§ 1280 et seq. . . ." The arbitration provision stated further, "The [p]arty initiating the arbitration will be solely responsible for the payment of the arbitrator's fees. The prevailing Party, as determined by the arbitrator, shall be entitled to an award of their reasonable attorneys' fees and all costs . . . and other typical costs associated with an arbitral proceeding including the arbitrator's fees."

B.    *Filing of This Action and Disputes Over Arbitration of Metz's Claims*

Metz filed this action on August 17, 2017, after Kavanaugh refused to return his $2.5 million investment. The amended complaint asserted causes of action for fraudulent inducement, negligent representation, and false promise with respect to the 2013 and 2015 investments.

On August 30, 2017 Kavanaugh filed a demand for arbitration with ADR Services, Inc. (ADR) alleging Metz breached the Agreement by publicly filing the lawsuit and thereby disclosing confidential information. Metz demurred and moved for a determination that Metz's superior court claims were not arbitrable. A hearing was set for April 24, 2018.

On September 21, 2017, while his arbitration claim was pending, Kavanagh filed a motion to dismiss Metz's superior court action, or in the alternative, to compel arbitration. Metz in his opposition noted he intended to argue the parties' dispute was

not arbitrable, but he agreed that under the Agreement this was a question for the arbitrator. Metz urged the court not to dismiss the action, and instead to stay it until the arbitrator decided the merits or determined one or more issues were not arbitrable.

After a hearing, on October 17, 2017 the trial court[2] granted Kavanaugh's motion to compel arbitration, finding, "[A]s both parties acknowledge, the [Agreement] contains an arbitration provision which requires the arbitrability of claims to be decided in arbitration. . . . Because [Kavanaugh] contends all of [Metz's] claims arise from the agreement, this action must be submitted to arbitration." The court stayed the action and set an order to show cause re dismissal and status conference (later continued to June 8, 2018) to allow the arbitrator an opportunity to rule on arbitrability and the scope of the arbitration.

However, on March 30, 2018, Kavanaugh withdrew his arbitration claim (before the hearing on Metz's motions). The arbitrator notified the parties the arbitration would be closed because Metz never submitted his affirmative claims for arbitration, and therefore Metz could only obtain a remedy by initiation of a new arbitration or by stipulation of the parties.

In Metz's status conference report for the June 8, 2018 status conference, he asked the trial court to reinstate the action, arguing that because Kavanaugh had withdrawn his request for arbitration with ADR, if Kavanaugh wanted to arbitrate Metz's claims, he would need to file a new motion to compel arbitration. Metz argued Kavanaugh's dismissal of his arbitration claim rendered the Agreement unconscionable because if Metz had to file a new arbitration, he would be deemed the "initiating" party under the Agreement responsible for paying the initial

---

[2]     Judge John P. Doyle.

arbitrator's fees. The court set a briefing schedule and hearing on another motion by Kavanaugh to compel arbitration.

On June 14, 2018 Kavanaugh filed a "motion to compel compliance with October 17, 2017 order compelling arbitration and dismiss[al]." Kavanaugh argued he had not waived arbitration of Metz's claims by dismissing his arbitration against Metz, and requiring the initiating party to pay the arbitrator's fees did not make the Agreement unconscionable because the prevailing party could later recover his attorneys' fees and costs (including the arbitration fees). In his opposition, Metz argued he could not be forced to pay the initial arbitration fees by filing the arbitration, relying on *Spence v. Omnibus Industries* (1975) 44 Cal.App.3d 970, 975 (*Spence*), which held as to a consumer contract that "under the rules governing contracts of adhesion, a provision that the parties shall settle their dispute by arbitration may not be so interpreted as to force a claimant into the position of one initiating arbitration when he has, in fact, chosen to waive these proceedings." (*Ibid.*)

After hearing argument of counsel, on June 26, 2018 the trial court adopted its tentative ruling granting Kavanaugh's motion and staying the action. The court indicated in its ruling that Metz had failed to comply with the trial court's October 17, 2017 order, "although he attempted to," because he never filed a claim in the arbitration. The court ordered Metz "to file a claim in arbitration, and to proceed therein forthwith. If [Metz] is correct that his claims are not arbitrable, then presumably that will be so determined, an outcome that would substantially mitigate his arbitration fees." Further, "[t]he issue of who shall pay arbitration fees shall be referred to the arbitrator." As the court had clarified at the hearing, "This is delegating this fees issue to the arbitrator. That's all it is." The court's order

6

instructed Kavanaugh's counsel to draft a proposed order framing the issue for the arbitrator.

After submission of competing orders by the parties, on July 23, 2018 the trial court signed Metz's revised proposed order granting Kavanaugh's motion, which provided, "The parties are [ordered] to arbitrate with ADR Services, Inc., the arbitrability of Metz's claims," and further, "the Arbitrator shall determine which party is liable, as 'the Party initiating the arbitration,' for the payment of the arbitrator's fees while the arbitration proceeding is pending, pursuant to paragraph 17 of the [Agreement]." The final order was silent as to which party had to file the arbitration.

C.     *November 13, 2018 Order Compelling Metz To File the Arbitration and Kavanaugh To Advance the Fees*

Following entry of the July 23, 2018 order, neither party initiated the arbitration with ADR.[3] On October 18, 2018 Metz filed in the trial court a "motion to set deadlines" seeking an order compelling Kavanaugh "to take the administrative steps necessary to initiate arbitration" by November 27, 2018, or be deemed to have waived his right to arbitrate. Citing *Spence, supra*, 44 Cal.App.3d at page 975, Metz argued, "After securing an order compelling arbitration, Kavanaugh has refused to

---

[3]     Under ADR's rules, either party may initiate an arbitration. Under rule 5(A)(1), a claimant may submit a demand for arbitration. Alternatively, under rule 5(C), "[a]n arbitration may also be commenced via submission of a Court Order compelling arbitration. The Court Order shall be submitted to ADR Services together with a copy of the parties' arbitration agreement as well as any Complaint, Answer, Cross-Complaint or other pleading filed with the Court."

initiate an arbitration in the manner provided by the rules of ADR Services because he wants to force Metz, who does not want to arbitrate, to initiate the arbitration and thereby assume responsibility for paying the arbitrator's fees in the first instance. California law does not allow Kavanaugh to impose this burden on Metz." Kavanaugh opposed the motion, arguing *Spence* was inapplicable because it only applied to consumer contracts of adhesion, and further, the plaintiffs there only disputed payment of the fees, not their obligation to file the arbitration.

After a hearing, on November 13, 2018 the trial court[4] issued a written order denying Metz's motion (November 13 order). The court ordered Metz to "comply with Judge John P. Doyle's orders and file the arbitration as soon as possible" and Kavanaugh "to conditionally pay the initial $300 administrative filing arbitration fees and any arbitration fee until the arbitrator decides who ultimately pays for all the arbitration fees based on the agreement at issue in this case."[5] The order explained that the court "previously ordered the parties twice to file an arbitration and that the arbitrator shall determine who pays the arbitration fees," and thus "the issue of what party is to file the arbitration has already been decided . . . and [Metz's] request for an order compelling [Kavanaugh] to file the arbitration is nothing more than an improperly presented motion for reconsideration." Further, "the specific narrow issue . . . not decided by Judge Doyle" was limited to who should initially pay the arbitrator's

---

[4]     Judge Dalila C. Lyons presided over the November 9, 2018 hearing and ruled on Metz's motion.

[5]     Metz previously filed the ADR fee schedule reflecting that a party filing a demand for arbitration with ADR is obligated to pay a nonrefundable $300 administrative filing fee.

8

fees. The court concluded that for the limited purpose of ruling on the motion, Kavanaugh "is the party that has initiated arbitration because but for [Kavanaugh's] motions to compel arbitration, [Metz] would not be required to bring his claims before an arbitral body. Thus, the [c]ourt finds [Kavanaugh] responsible for the <u>initial</u> arbitrator fees while the arbitrator determines the arbitrability of Metz's claims and which party is liable 'as the Party initiating arbitration' for payment of ALL the arbitrator's fees, including the initial fees, while the arbitration proceeding is pending." The order clarified, however, that "[t]he fact that Metz is filing the arbitration does not necessarily mean that the arbitrator will decide that Metz will pay all the arbitration fees. Nor does the fact that [Kavanaugh] will pay the initial fees as ordered herein be construed as [Kavanaugh] being liable for all the fees per the agreement at issue." The court ordered the stay of the action to remain in place until the completion of the arbitration.

Metz filed a timely notice of appeal from the "[o]rder of November 13, 2018 and all orders fairly subsumed thereby pursuant to [*Spence, supra*, 44 Cal.App.3d 970]." Kavanaugh cross-appealed from the November 13 order. On January 9, 2020 Kavanaugh filed a motion to dismiss Metz's appeal on the grounds an order compelling arbitration is not appealable and *Spence* is inapplicable.[6] Metz opposed the motion.

---

[6] Kavanaugh moved in the alternative for an order striking the portions of Metz's opening brief contending Metz's claims are not arbitrable, arguing that even if Metz were permitted under *Spence* to appeal the issue of who should file the arbitration, Metz could not appeal other aspects of the order or the court's previous orders compelling arbitration and delegating issues of

9

## DISCUSSION

Metz does not dispute that the November 13 order compelling him to file the arbitration is an interlocutory order that is not specifically appealable under Code of Civil Procedure section 904.1. Instead, he argues the order falls within the exception to nonappealability recognized in *Spence, supra*, 44 Cal.App.3d 970. In *Spence*, homeowners sued a builder who was renovating their home for breach of contract and fraud, seeking $37,000 in damages. (*Id.* at p. 972.) The builder filed a petition for arbitration pursuant to an arbitration clause in the parties' contract, which was printed in small print on the back of the builder's standardized form agreement. (*Ibid.*) The agreement also provided the arbitration was subject to the rules of the American Arbitration Association, including a rule requiring the initiating party to pay the filing fee. (*Id.* at p. 975.) The trial court granted the builder's petition to compel arbitration and ordered the homeowners to pay the filing fee. (*Ibid.*) The homeowners immediately appealed the order compelling them to pay the filing fee but did not appeal the order compelling arbitration. (*Id.* at p. 973.)

The Court of Appeal reversed and held the builder either had to pay the filing fee or defend the claims in superior court. (*Spence, supra*, 44 Cal.App.3d at p. 975.) The court concluded the

---

arbitrability to the arbitrator. Because we grant the motion to dismiss, we do not reach Kavanaugh's alternative motion to strike. Likewise, we do not address Metz's argument the orders compelling arbitration are reviewable as intermediate orders affecting the November 13 order.

10

trial court's order was appealable under the collateral order rule, explaining, ""A necessary exception to the one final judgment rule is recognized where there is a final determination of some collateral matter distinct and severable from the general subject of the litigation. If, e.g., this determination requires the aggrieved party immediately *to pay money or perform some other act*, he is entitled to appeal even though litigation of the main issue continues."" (*Id.* at p. 976; see *Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641, 645, fn. 1 [Court of Appeal considered defendants' appeal of order requiring defendants to pay plaintiffs' costs and attorneys' fees they incurred in moving to compel arbitration as a collateral order under *Spence*].) In reaching its conclusion, the Court of Appeal focused on the "strong . . . judicial concern regarding the weaker bargaining powers of consumers. The use of standardized or mass-produced agreements containing a profusion of provisions which allow the stronger party to dictate the terms to the weaker party is viewed with judicial concern." (*Spence*, at p. 974.) The court emphasized that requiring the homeowners to pay a $720 filing fee (instead of the superior court's $50 filing fee) to resolve their dispute "might well deprive them of any forum for resolving their complaints." (*Id.* at pp. 973-976.)

The collateral order exception recognized in *Spence* does not apply to the November 13 order. In contrast to the order in *Spence*, the order here compelled Kavanaugh, not Metz, to pay the arbitration filing fees. Indeed, the trial court ordered Kavanaugh to advance the fees "because but for [Kavanaugh's] motions to compel arbitration, [Metz] would not be required to bring his claims before an arbitral body," a holding consistent with *Spence*. Although the trial court ordered Metz to file the arbitration (the performance of an act), this was simply an

11

administrative step to commence the arbitration. As the plaintiff, it was Metz's refusal to file the arbitration that impeded prosecution of his claims; neither the terms of the Agreement nor the November 13 order deprived Metz "of any forum for resolving [his] complaints."[7] (*Spence, supra*, 44 Cal.App.3d at p. 976.) Metz contends that being compelled to file the arbitration could result in his having to pay "thousands of dollars in fees to the Arbitrator merely to have his case heard." But the November 13 order clarified that the court's provisional resolution (compelling Metz to file the arbitration and Kavanaugh to pay the arbitration fees) would not limit the arbitrator's discretion to decide who was responsible for the arbitration fees. Metz has articulated no other harm that flows from being compelled to file the arbitration.[8]

---

[7] Further, the underlying premise of *Spence* that parties should not be denied a forum as a result of their inability to pay the arbitration fee does not apply here, where the Agreement was negotiated between two sophisticated investors with tens of millions of dollars at issue. Certainly the payment of a $300 filing fee and the initial costs of arbitration will not prevent Metz from having his day in court.

[8] The cases cited by Metz finding collateral orders to perform an act appealable are inapposite because none of the cited cases was decided in the context of a motion to compel arbitration. (See *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083 [appeal of a trial court order declining to destroy documents produced in connection with a nonappealable temporary custody order]; *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 75 [appeal of an order granting a third party motion of the news media to unseal pleadings]; *Machado v. Superior Court* (2007) 148 Cal.App.4th 875, 883-885 [because order disqualifying an attorney is appealable as a collateral order, the order is not

12

Finally, Metz contends that even if the November 13 order is nonappealable, we should treat his appeal as a petition for writ of mandate and should consider the petition on the merits. "'An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances.'" (*Williams v. Impax Laboratories, Inc.* (2019) 41 Cal.App.5th 1060, 1071-1072; see *Olson v. Cory* (1983) 35 Cal.3d 390, 401 ["[The] power to treat the purported appeal as a petition for writ of mandate . . . should not [be] exercise[d] . . . except under unusual circumstances."].) "'Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders.'" (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42, disapproved of on another ground in *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 6.)

There are no exceptional circumstances here. Metz cites several authorities for the proposition that orders compelling arbitration may be reviewable by writ,[9] but the November 13 order is not an order compelling arbitration. Nor did the order impose any burden or expense on Metz beyond reformatting his

reviewable on appeal from the judgment in the underlying matter].)

[9]     See, e.g., *Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160 ("writ review of orders compelling arbitration is proper in at least two circumstances: (1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement or (2) if the arbitration would appear to be unduly time consuming or expensive").

complaint as an arbitration demand and statement of claim and transmitting it to ADR. And even if the arbitrator ultimately determines Metz is responsible as the initiating party for the $300 filing fee and the initial arbitration fees, the amount at issue will be small relative to the value of the case (and the fees spent by Metz to avoid filing the arbitration). Further, if Metz prevails in the arbitration, he will be able to recover the fees as the prevailing party under the Agreement; if he loses, he can challenge the arbitration award and any award of fees and costs in a petition to vacate the award. The only thing exceptional about this matter is the extent to which the parties and their attorneys believed it was appropriate to spend tens of thousands of dollars in attorneys' fees, and consume judicial resources in the trial and appellate courts, to resolve a dispute over a $300 filing fee and relatively minimal initial arbitration costs that the arbitrator will have the authority to reallocate anyway.

## DISPOSITION

The appeal is dismissed. The parties are to bear their own costs on appeal.


FEUER, J.

We concur:


PERLUSS, P. J.          SEGAL, J.