Filed 1/25/24  Hot Rods v. Northrop Grumman Systems Corp. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HOT RODS, LLC,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NORTHROP GRUMMAN SYSTEMS CORPORATION,<br><br>    Defendant and Appellant. | G061449<br><br>(Super. Ct. No. 30-2009-00118853)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Ann L. Kough, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.

Lewis Brisbois Bisgaard & Smith, R. Gaylord Smith, Ernest Slome and James A. Geocaris for Defendant and Appellant.

Horvitz & Levy, David M. Axelrad, John B. Sprangers and Jeremy B. Rosen; Jackson Tidus, A Law Corporation, Michael L. Tidus and Kathryn M. Casey for Plaintiff and Respondent.

\*        \*        \*

This is a long-running litigation between Northrop Grumman Systems Corporation (Northrop) and Hot Rods, LLC (Hot Rods). The latest appeal from a postjudgment motion asks a simple question: Under the contract at issue in this case, may attorney fees be awarded to the "prevailing party" in a motion to appoint a replacement referee for all purposes? We conclude that while the attorney fees provision is broad enough to encompass fees incurred for such a motion, the referee should have refrained from deciding who was the "prevailing party" until it resolved the contractual issues that were the subject of the reference. Accordingly, we reverse the attorney fee award of $54,914.25 to Hot Rods and remand for further proceedings.

I

FACTS

*Prior Appeals*

This case has been before us multiple times. The first time, we affirmed the denial of Northrop's anti-SLAPP motion. (*Hot Rods, LLC v. Northrop Grumman Systems Corporation* (Mar. 8, 2012, G044976) [nonpub. opn.].) In 2015, we considered Northrop's appeal after judgment. (*Hot Rods, LLC v. Northrop Grumman Systems Corp.* (2015) 242 Cal.App.4th 1166 (*Hot Rods II*).) The underlying facts are set forth in that opinion. In 2018, we affirmed judgment after remand in favor of Hot Rods. (*Hot Rods, LLC v. Northrop Grumman Systems Corporation* (Dec. 5, 2018, G054432) [nonpub. opn.] (*Hot Rods III*).) Additional appeals are pending, including one that is stayed pending the outcome of this case and another, which is the companion case to this appeal, case No. G062150.

As we mentioned previously: Simply put, this case involves environmental contamination of a property in Anaheim that was sold by Northrop to Dan and Kathy Welden, who assigned their interest to Hot Rods, an LLC owned entirely by the Weldens. (*Hot Rods II*, *supra*, 242 Cal.App.4th at p. 1172.) The trial court, pursuant to a referee's

2

recommendation, originally awarded Hot Rods $1,116,450 in damages plus $2,091,130 in attorney fees and costs. (*Id.* at pp. 1174-1175.) The court also granted Hot Rods' request for declaratory relief, finding an indemnity clause in the relevant contract covered both first and third party claims. (*Id.* at p. 1182.) This court affirmed in part and reversed in part. For a number of reasons, we reversed the bulk of the damage award and remanded the attorney fee award.

On remand after *Hot Rods II*, the referee awarded a judgment of $117,050 in damages, $1,344,823.80 in attorney fees, and $258,390 in costs in favor of plaintiff Hot Rods. We rejected Northrop's argument that the referee incorrectly determined that Hot Rods was the prevailing party or that the attorney fees award was excessive. Accordingly, we affirmed the judgment. (*Hot Rods III*, *supra*, G054432.)

*Further Litigation*

In April 2021, the referee at the time, Justice Wallin (ret.), recused himself from the case for personal reasons. At that time, Hot Rods had several motions pending for loss of use damages and consultant and attorney fees.

The parties negotiated regarding a new referee. Although both agreed to appoint Judge Kough (ret.), they did not agree on the scope of the referral. Hot Rods wished to have the referee appointed for all future disputes, while Northrop wanted to limit the reference to the pending motions and any motions Hot Rods planned to file in the foreseeable future.

Hot Rods eventually filed its motion in the superior court, requesting the appointment of Judge Kough for all purposes. The court granted this motion in October 2021, appointing Judge Kough for all purposes relating to the Purchase and Sale Agreement (PSA). The court excepted disputes unrelated to current disputes, judgments, or environmental contamination in and around the property.

In February 2022, Hot Rods brought a motion seeking reimbursement for the fees and costs with its motion to appoint the new referee. It argued that such fees were recoverable under the PSA's provision requiring disputes arising under the agreement to be adjudicated by the referee and under the environmental indemnity provision requiring reimbursement for expenses, including attorney fees, arising out of any environmental condition or liability involving the property. Northrop opposed, arguing the PSA only permitted recovery of attorney fees in disputes before the referee, while the reference motion had proceeded in the superior court. Further, Northrop argued Hot Rods was not the prevailing party by winning an interim procedural motion. Northrop also argued that fees for litigating procedural disputes were not covered by the environmental indemnity provision.

The referee issued a statement of decision concluding that Hot Rods was the prevailing party in the reference motion. Accordingly, the referee awarded Hot Rods $54,914.25 for counsel's work in connection with the referee's appointment.

Northrop appeals the postjudgment order.


II

DISCUSSION

*Standard of Review*

The legal basis for an attorney fee award is reviewed de novo. This includes cases where the right to recover attorney fees is dependent on the interpretation of a contract without extrinsic evidence. (*San Francisco CDC, LLC v. Webcor Construction, L.P.* (2021) 62 Cal.App.5th 266, 285.) As we concluded in *Hot Rods II*, *supra*, 242 Cal.App.4th at page 1176, the plain language of the PSA's integration clause prohibits the use of extrinsic evidence.

4

*Governing Principles Relating to Attorney Fee Awards*

As we explained in *Hot Rods III*, *supra*, G054432, the general rule that each party pays its own legal fees may be abrogated by contractual agreement. Under Civil Code section 1717, subdivision (a),[1] "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

*Scope of the PSA's Attorney Fee Provision*

Section 15 of the PSA is entitled "Settlement of Disputes." Under this section, any "controversy or dispute" regarding the PSA shall be decided under the reference procedures set forth in Code of Civil Procedure section 638 et seq. The following subdivisions state the reference procedure can be initiated by either party, and if the parties could not agree on a referee, the court would decide. Section 15.4 is entitled "Compensation for Referee/Costs." It states: "Each party shall bear one-half of the fees of the Referee. Unless waived in writing by both parties, a reporter shall be present at all proceedings before the Referee and the fees of any reporter shall be borne equally by each party. The prevailing party shall be entitled to reimbursement of its reasonable attorneys' fees and costs from the other party, including all reasonable attorneys' fees and costs relating to an appeal from a judgment of the Referee."

Northrup argues that under the PSA's language, the attorney fee provision only applies to proceedings after the referee's appointment. "We begin our review with some basic principles of contract interpretation. We must interpret a contract so as to

---

[1] Subsequent statutory references are to the Civil Code unless otherwise indicated.

give effect to the mutual intent of the parties at the time the contract was formed. [Citation.]  'The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.'  [Citation.]  Courts must also endeavor to give effect to every part of a contract, 'if reasonably practicable, each clause helping to interpret the other[s].'" (*Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1060.)

As noted, section 15 is entitled "Settlement of Disputes" and we examine the other provisions within that context.  Section 15.4 is a bit of a hodgepodge.  Although it is entitled "Compensation for Referee/Costs," it does not deal only with sharing the costs of the referee.  It also addresses the requirement of a court reporter and how the costs are to be shared for that expense.  Finally, it includes the attorney fee clause:  "The prevailing party shall be entitled to reimbursement of its reasonable attorneys' fees and costs from the other party . . . ."  Had the parties intended to limit the attorney fee provision to proceedings before the referee, and not the court, such a provision could have been included; we decline to add such language where it does not exist.

The cases Northrup cites on this point do not help, because each concerned matters where courts enforced express limitations on attorney fees. (*Kalai v. Gray* (2003) 109 Cal.App.4th 768, 772-773 [provision awarding fees to prevailing party in arbitration proceedings did not apply to court proceeding]; *Tanner v. Tanner* (1997) 57 Cal.App.4th 419, 422 [attorney fee provision requiring party to "'pay all legal fees associated with this dissolution'" did not apply to postdissolution challenge to agreement]; *Stockton Theaters, Inc. v. Palermo* (1954) 124 Cal.App.2d 353, 357-358 [attorney fee provision for actions concerning default under lease did not apply to declaratory relief action seeking to void lease or unlawful detainer action].)

Here, the attorney fee clause has no express limitation.  It is a broad provision, which, as we previously determined, applies to both tort and contractual claims. (*Hot Rods III*, *supra*, G054432.)  Had the parties wished to do so at the time the

6

PSA was drafted, they could have limited the scope of the attorney fee provision. Because they did not, we apply the agreement as written and find it applies to matters both before the court and before the referee.

*"Prevailing Party" On the Reference Motion*

Northrup next argues that Hot Rods did not establish it was the prevailing party on the contract within the meaning of section 1717. Section 1717, subdivision (a), states: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

The trial court has discretion in determining which party has prevailed on the contract, or that no party has prevailed. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 (*Hsu*).) But a party who obtains an unqualified victory on a contract dispute, including a defendant who defeats recovery by the plaintiff on the plaintiff's entire contract claim, is entitled as a matter of law to be considered the prevailing party under section 1717. (*Hsu*, at p. 876.) "[W]hen the results of the [contract] litigation are mixed," the court has discretion under the statute to determine that no party has prevailed. (*Ibid.*)

In *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515 (*Frog Creek* ), a property owner sued a builder for breach of an agreement to construct improvements on the property; the builder cross-complained. The builder's first petition to compel arbitration under one version of the parties' contract was denied, and the denial was affirmed on appeal. Using a different version of the contract, the builder filed a second petition to compel arbitration. The trial court again denied the petition, but the court of appeal reversed and directed the trial court to send the dispute to arbitration. (*Id.* at pp. 521-522.)

The builder was awarded considerable damages and attorney fees by the arbitrators, but the panel refused to decide whether the builder was entitled to attorney fees incurred prior to the arbitration. (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 522.) After the arbitration was complete, the builder sought attorney fees in court pursuant to section 1717 for litigation before and after the arbitration, including attorney fees for its initial petition to compel arbitration. The property owner filed its own motion for attorney fees in connection with its successful opposition to the first petition and the subsequent appeal of that order. (*Frog Creek*, at p. 523.) The court determined the builder was the prevailing party in the arbitration, but the property owner was the prevailing party on the initial petition to compel arbitration. Accordingly, the court awarded attorney fees to both sides. (*Ibid*.)

The appellate court reversed in part. It held attorney fees for the first petition to compel arbitration should have been awarded to the builder, who had prevailed on the contract dispute as a whole, rather than to the property owner, who won only an interim victory on the first petition. That victory did not make the property owner the prevailing party on the contract under section 1717 because denial of the petition to compel arbitration "did not resolve the parties' contract dispute; instead, the merits of that dispute remained before the court in [the property owner's] complaint and [the builder's] cross-complaint." (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 546.) That dispute was ultimately resolved in the builder's favor through arbitration. The builder was thus the prevailing party on the contract and was "entitled to all of its fees, including fees incurred during the lawsuit in proceedings where it did not prevail." (*Ibid.*)

In *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 (*DisputeSuite*), the plaintiff sued defendant for breach of contract and related causes of action. The contract at issue included a forum selection clause specifying Florida. (*Id.* at pp. 971-972.) The defendant brought a motion to dismiss on grounds of forum non conveniens, which the trial court granted. (*Id.* at p. 972.) The defendant subsequently

8

moved to recover its attorney fees, citing a provision in the contract. The court denied the motion because the forum non conveniens motion, which led to the plaintiff refiling the case in Florida, did not mean it had prevailed on the breach of contract claims. The appellate court agreed, holding the defendant was not entitled to fees because it had not obtained a final victory on the contract. (*Ibid.*)

The California Supreme Court affirmed the lower court's holding that the defendant was not entitled to attorney fees under section 1717, concluding the forum non conveniens motion was only an interim procedural step, rather than a victory on the contract. (*DisputeSuite*, *supra*, 2 Cal.5th at p. 977.) The court first discussed its holding in *Hsu* regarding how a prevailing party was to be determined: "[W]e hold that in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'" (*Hsu*, *supra*, 9 Cal.4th at p. 876.)

In addition to discussing *Frog Creek*, the court also reviewed other lower court cases touching this issue. (*DisputeSuite*, *supra*, 2 Cal.5th at pp. 976-977.) Section 1717's "phrase 'prevailing *on the contract*'. . . implies a strategic victory at the end of the day, not a tactical victory in a preliminary engagement." (*Estate of Drummond* (2007) 149 Cal.App.4th 46, 51.) "A party does not become the prevailing party under the statute merely by obtaining a forum for resolution of the contractual dispute or by moving it from one forum to another." (*DisputeSuite*, at pp. 975-976 [discussing *Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641, 648-649].)

"Applying these principles, we conclude the trial court acted within its discretion in determining that [the defendant] had not 'prevail[ed] on the contract' within

9

the meaning of section 1717, subdivision (b)(1), by moving the litigation to Florida. While [the defendant] had succeeded in enforcing the forum selection clauses in two of its agreements with DisputeSuite, it had not defeated DisputeSuite's breach of contract and related claims. Because none of those claims had yet been resolved and the litigation was still ongoing in Florida, the California trial court was in no position to 'compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives'; that comparison could be made only 'upon final resolution of the contract claims.' [Citation.] [The defendant] was therefore not the prevailing party as a matter of law, and the trial court could reasonably decide that at the time fees were sought 'neither party [had] prevailed sufficiently to justify an award of attorney fees.'" (*DisputeSuite*, *supra*, 2 Cal.5th at p. 974.)

The general principle to be considered, the court held, was that "fees under section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step." (*DisputeSuite*, *supra*, 2 Cal.5th at p. 977.) Interim victories do not confer prevailing party status because, by definition, they are "not dispositive of the contractual dispute." (*Id.* at p. 981.) When a party "prevail[s] only on an interim motion that did not resolve the parties' contract dispute," it still "remains to be seen" whether that party "will ultimately be the overall victor." (*Id.* at p. 977.)

The court also upheld and distinguished *Turner v. Schultz* (2009) 175 Cal.App.4th 974 (*Turner*), which addressed the attorney fee consequences of a dispute over arbitration outside the typical context of a motion to compel. The plaintiff in *Turner* filed a declaratory relief action, contending his dispute with the defendants was not arbitrable, and sought preliminary relief preventing the arbitration from proceeding. (*Id.* at p. 978.) The trial court denied relief and ultimately rendered judgment for the defendants, after a successful demurrer and motion for judgment on the pleadings. (*Ibid.*) The trial court then awarded defendants their attorney fees. (*Id.* at pp. 978-979.) The

10

plaintiff appealed, arguing the fee award was premature because the arbitration was yet to be resolved.  (*Id*. at p. 980.)  The appellate court affirmed the attorney fees award, concluding that "[t]he fees at issue were incurred in connection with an independent complaint for declaratory and injunctive relief," upon which the defendants entirely prevailed, and "[plaintiff] must accept the consequences of forcing defendants to fight on two fronts."  (*Id.* at pp. 983, 985.)

The *DisputeSuite* court noted that the two actions in *Turner* were "substantively independent," unlike the forum non conveniens motion before the court.  (*DisputeSuite*, *supra*, 2 Cal.5th at pp. 979-980.)  Further, the court noted, "A procedural victory that finally disposes of the parties' contractual dispute, such as an involuntary dismissal with prejudice and without any likelihood of refiling the same litigation in another forum, may merit a prevailing party award of fees under section 1717."  (*Id.* at p. 981.)

What distinguishes *Frog Creek*, *DisputeSuite*, and the cases discussed therein are that all of them involve preliminary motions at the outset of the case, while we have before us postjudgment motions, not only in this appeal but in the related appeal.  The overall procedural posture of this case at this point in its history is somewhat unusual, given the ongoing and continuing nature of the cleanup litigation and multiple disputes.

Accordingly, we find that the award of attorney fees here was not necessarily erroneous, but premature.  We conclude that instead of determining a prevailing party on the reference motion only – which, despite Hot Rods' arguments to the contrary, was an interim procedural step – the referee should decide this issue in connection with the rulings made after Hot Rods' reference motion was decided.  This appears to be the most equitable answer that both enforces the intent of the PSA's attorney fee provision and comports with existing law.  Accordingly, on remand, the referee must consider, in light of the resolution of the substantive motion (which was

11

reversed by this court), which party, if any, is a prevailing party and what attorney fees to each party, if any, are appropriate.

*Indemnity Clause*

Because fees are available under section 15.4 of the PSA, we need not consider whether fees are separately available under the Environmental Indemnity provision.

## III

## DISPOSITION

The order awarding attorney fees on the reference motion is reversed, and the matter is remanded for further proceedings. Northrop is entitled to its costs on appeal.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

GOODING, J.